UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC., et al.[1]<br><br>    Debtors.<br>_____<br><br>GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC, et al.,<br><br>    Plaintiff,<br><br>v.<br><br>MET EXPRESS, INC. f/k/a Metropolitan Trucking, Inc.,<br><br>    Defendant.<br>_____ | )<br>)  Chapter 7<br>)<br>)<br>)  Case No. 20-10576 (TMH)<br>)<br>)  (Jointly Administered)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Adv. Proc. No. 25-50860-TMH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
COMPLAINT FOR AVOIDANCE AND RECOVERY OF
PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550**

Defendant Met Express, Inc. f/k/a Metropolitan Trucking, Inc. ("Defendant"), by and through undersigned counsel, for its Answer and Affirmative Defenses to *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant To 11 U.S.C. §§ 547 and 550* [Adv. Docket No. 1] (the "Complaint"), states:

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

1

## BACKGROUND

1. On May 5, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). These cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

**ANSWER:** Admitted upon information and belief.

2. On August 16, 2023, the Court entered an order converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, effective as of August 16, 2023 (the "Conversion Date") [Docket No. 545].

**ANSWER:** Admitted upon information and belief.

## THE PARTIES

3. On August 16, 2023, the Office of the United States Trustee appointed George L. Miller as the chapter 7 trustee in these cases [Docket No. 546]. The Bankruptcy Code authorizes the Trustee to pursue and prosecute avoidance actions on behalf of the Debtors' estates.

**ANSWER:** Admitted upon information and belief.

4. Defendant MET Express, Inc., f/k/a Metropolitan Trucking, Inc. is a corporation formed under the laws of the State of New Jersey with its principal office address at 299 Market Street, Saddle Brook, NJ 07663.

**ANSWER:** Denied as stated.

## JURISDICTION AND VENUE

5.     The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated February 29, 2012.

**ANSWER:**     Paragraph 5 of the Complaint contains legal conclusions or statements of position to which no response is required.  To the extent a response is required, Defendant admits that the Bankruptcy Court has jurisdiction over this adversary proceeding.

6.     This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

**ANSWER:**     Paragraph 6 of the Complaint contains legal conclusions or statements of position to which no response is required.  To the extent a response is required, Defendant admits that this is a core proceeding.

7.     Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**ANSWER:**     Paragraph 7 of the Complaint contains legal conclusions or statements of position to which no response is required.  To the extent a response is required, Defendant consents to entry of final orders or judgments by the Bankruptcy Court.

8.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**ANSWER:**    Paragraph 8 of the Complaint contains legal conclusions or statements of position to which no response is required.  To the extent a response is required, Defendant admits that venue is proper in the District.

## BASIS FOR RELIEF REQUESTED

9.      This adversary proceeding is initiated pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 547 and 550 of the Bankruptcy Code, to avoid and recover certain avoidable transfers that were made by the Debtors to the Defendant 90 days prior to the Petition Date.

**ANSWER:**    Admitted that this is an adversary proceeding but denied that Plaintiff is entitled to the relief he seeks.

## FACTS

10.     Prior to the Conversion Date, the Debtors operated a chain of brick-and-mortar home goods retail stores that specialized in the sale of year-round seasonal goods at value pricing. The Debtors' stores offered a variety of products including home decor, bed and bath products, kitchen and dining products, furniture, food, and seasonal products.

**ANSWER:**    Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 10 and therefore denies the allegations.

11.     A description of the Debtors and their business, and the facts and circumstances surrounding the Chapter 11 Cases, are set forth in greater detail in the *Declaration of Marc*

*Salkovitz, Executive Chairman, in Support of First Day Relief* [Docket No. 12] and the *Supplemental Declaration of Marc Salkovitz, Executive Chairman, in Support of First Day Relief* [Docket No. 23] (together, the "First Day Affidavit").

**ANSWER:** Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 11 and therefore denies the allegations. By way of further response, the First Day Affidavit is a document that speaks for itself.

12. Prior to the Petition Date, the Debtors made certain payments to Defendant for goods and/or services provided to the Debtors pursuant to invoices or statements submitted by Defendant to the Debtors, including but not limited to the transactions between the parties identified on **Exhibit A** attached hereto.

**ANSWER:** Admitted that Defendant received payments before the Petition Date, but Defendant lacks the knowledge or information sufficient to form a belief about whether Exhibit A is true or accurate and therefore denies the remaining allegations of ¶ 12.

13. During the ninety (90) days prior to the Petition Date, the Debtors made payments to or for the benefit of the Defendant, including those identified on **Exhibit A** attached hereto (collectively, the "Transfers"). **Exhibit A** sets forth the details of each of the Transfers, including the identity of the transferor Debtor, payment date, and payment amount. The aggregate amount of the Transfers is not less than $202,381.26.

**ANSWER:** Defendant admits that it received payment from one or more of the Debtors in the ninety (90) day period prior to the Petition Date. Defendant lacks the knowledge or information sufficient to form a belief about whether Exhibit A is true or accurate and therefore

denies the allegations of ¶ 13.

14. Although it is possible that some Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c).

**ANSWER:** Paragraph 14 of the Complaint contains legal conclusions or statements of position to which no response is required.

### FIRST CLAIM FOR RELIEF

### (Avoidance of Preferential Transfers - 11 U.S.C. § 547)

15. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

**ANSWER:** Defendant incorporates by reference its responses to previous paragraphs.

16. Within the ninety days prior to the Petition Date, the Debtors made the Transfers to Defendant in the total amount of $202,381.26, as more specifically described in **Exhibit A.**

**ANSWER:** Defendant admits that it received payment from one or more of the Debtors in the ninety (90) day period prior to the Petition Date. Defendant lacks the knowledge or information sufficient to form a belief about whether Exhibit A is true or accurate and therefore denies the allegations of ¶ 16.

17. Each of the Transfers to the Defendant was a transfer of property of the Debtors.

**ANSWER:** Paragraph 17 of the Complaint contains legal conclusions or statements of

position to which no response is required. To the extent a response is required, Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 17 and therefore denies the allegations.

18. Each of the Transfers to the Defendant was made to or for the benefit of the Defendant.

**ANSWER:** Paragraph 18 of the Complaint contains legal conclusions or statements of position to which no response is required. To the extent a response is required, Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 18 and therefore denies the allegations.

19. The Defendant was a creditor of the Debtors (within the meaning of 11 U.S.C. § 110(10)) at the time each of the Transfers was made or, alternately, received the Transfers for the benefit of a creditor or creditors of the Debtors.

**ANSWER:** Paragraph 19 of the Complaint contains legal conclusions or statements of position to which no response is required. To the extent a response is required, Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 19 and therefore denies the allegations.

20. Each of the Transfers to the Defendant was made on account of an antecedent debt owed by the Debtors to the Defendant before the Transfer was made.

**ANSWER:** Denied.

21.     Each of the Transfers was made while the Debtors were insolvent.  The Debtors are presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

**ANSWER:**    Paragraph 21 of the Complaint contains legal conclusions or statements of position to which no response is required.  To the extent a response is required, Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 21 and therefore denies the allegations.

22.     Each of the Transfers enabled the Defendant to receive more than the Defendant would have received if (i) the transfers and/or payments had not been made, and (ii) the Defendant received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

**ANSWER:**    Paragraph 22 of the Complaint contains legal conclusions or statements of position to which no response is required.  To the extent a response is required, Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 22 and therefore denies the allegations.

23.     As of the date hereof, the Defendant has not returned any of the Transfers to the Plaintiff.

**ANSWER:**    Admitted that Defendant has not returned any of the transfers but denied that Defendant has any obligation to do so.

24. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

**ANSWER:** Denied.

**SECOND CLAIM FOR RELIEF**

**(For Recovery of Property - 11 U.S.C. § 550)**

25. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

**ANSWER:** Defendant incorporates by reference its responses to previous paragraphs.

26. As the Defendant is the initial, immediate, or mediate transferee of the Transfers, the Plaintiff is entitled to recover for the estate the proceeds or value of the Transfers under section 550 of the Bankruptcy Code.

**ANSWER:** Paragraph 26 of the Complaint contains legal conclusions or statements of position to which no response is required. To the extent a response is required, Defendant denies the allegations in this ¶ 26.

27. As alleged above, Plaintiff is entitled to avoid the Transfers under 11 U.S.C. § 547. As Defendant is the initial, immediate, or mediate transferee of the Transfers, Plaintiff is entitled to receive for the Estate the proceeds or value of the Transfers under 11 U.S.C. § 550.

**ANSWER:** Paragraph 27 of the Complaint contains legal conclusions or statements of position to which no response is required. To the extent a response is required, Defendant denies the allegations in this ¶ 27.

**AFFIRMATIVE DEFENSES**

Defendant will rely upon the following Affirmative Defenses, if applicable, and if established by facts during the course of discovery, if any. Defendant does not assume any burden of proof that would otherwise rest on Plaintiff.

A. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

B. Plaintiff's Complaint is barred by the statute of limitations under 11 U.S.C. 546.

C. Plaintiff's claims are barred by laches, unclean hands, estoppel (including judicial and equitable estoppel), the law of the case doctrine, waiver, res judicata, and/or mootness.

D. Plaintiff's Complaint fails to satisfy all of the necessary requirements of § 547(b).

E. The relevant transfers are protected from avoidance under § 547(c)(1).

F. The relevant transfers are protected from avoidance under § 547(c)(2)(A).

G. The relevant transfers are protected from avoidance under § 547(c)(2)(B).

H. The relevant transfers are protected from avoidance under § 547(c)(4).

I. The relevant transfers are protected from avoidance under § 547(c).

J. The relevant transfers were made while the transferring Debtor was solvent.

K. Defendant was not the initial transferee of the relevant transfers.

L. Defendant was not the immediate or mediate transferee of the initial transferee or the person for whose benefit the relevant transfers were made.

M. The relevant transfers were not a transfer of an interest of the Debtors in property.

N. Defendant denies each and every allegation of the Complaint not admitted or otherwise controverted or qualified and further denies that Plaintiff is entitled to any relief whatsoever.

O. If not already raised, Defendant affirmatively sets forth all of the applicable

defenses enumerated in Fed. R. Civ. P. 8(c) as made applicable by Fed. R. Bank. P. 7008.

WHEREFORE, Defendant respectfully requests that the Complaint and this adversary proceeding be dismissed with prejudice and that Defendant be granted such additional relief that is just and equitable.

Dated: June 13, 2025  **CROSS & SIMON, LLC**

/s/ Kevin S. Mann
Kevin S. Mann (No. 4576)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
(302) 777-4200
kmann@crosslaw.com

-and-

Anthony J. Kochis, Esq.
WOLFSON BOLTON KOCHIS PLLC
3150 Livernois, Suite 275
Troy, MI 48083
(248) 247-7105
akochis@wolfsonbolton.com

*Counsel for Defendant*